IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYON C.,[1] | ) |
| | ) |
|       Plaintiff, | ) |
| | )   No. 20 C 891 |
|     v. | ) |
| | )   Magistrate Judge |
| KILOLO KIJAKAZI, Acting | )   Maria Valdez |
| Commissioner of Social Security,[2] | ) |
| | ) |
|       Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Ryon C.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 17] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On August 1, 2016, Plaintiff filed a claim for SSI, alleging disability since June 1, 1991. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 31, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On February 8, 2019, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of August 1, 2016. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative changes of the lumbar spine; depressive disorder; and personality disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a Listing.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work with the following additional limitations: can lift and/or carry 50 pounds occasionally and 25 pounds frequently, with sitting for 6 hours and standing/walking for 6 hours and pushing/pulling as much as lifting and carrying; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, kneel, crouch, and crawl; can frequently handle with the bilateral upper extremities; retains the ability to understand, remember, concentrate, persist, and perform simple, routine, repetitive tasks in a low stress environment, defined as having few if any changes in the work setting and few if any work-related decision; assigned tasks must be sequential in nature; can have no interaction with the public and only routine superficial interaction with coworkers and supervisors; will need a break every two hours, which can be accommodated by routine breaks and lunch.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a janitor. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy (specifically, jobs such as laundry worker, cleaner, and lamination assembler) leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

6

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ incorrectly assessed Plaintiff's Physical RFC; (2) the ALJ incorrectly assessed Plaintiff's mental RFC; and (3) the ALJ incorrectly assessed Plaintiff's alleged limitations.

In advancing his first argument, Plaintiff contends, *inter alia*, that the ALJ failed to properly address Plaintiff's need for the use of a cane to ambulate. Pertinent to that argument, in arriving at Plaintiff's physical RFC, the ALJ noted Plaintiff's testimony that he had "chronic pain in his back, knees and hands," had "shooting sharp pains from his lower back to his lower thighs," and "could stand 5-10 minutes before bracing for 5 minutes." (R. 18-19.) The ALJ further noted Plaintiff's medical records which indicated that he "was unable to heel or toe walk, squat and arise, or hop on one leg" and "walked with an ataxic gait and a slight right-sided limp." (*Id.* at 19.) On the topic of Plaintiff's cane usage, the ALJ noted that Plaintiff's medical records evidenced his "use of a cane in the right hand" and that he "was trained on [the] use of a cane in the left hand to maximize his gait quality." (*Id.*) Despite the evidence of Plaintiff's back pain, difficulty walking, and documented need for a cane, the ALJ concluded that Plaintiff had the residual functional capacity to walk and stand for 6 hours, carry 25 pounds frequently, and occasionally climb ramps and stairs. (*Id.* at 18.)

The Court finds that the ALJ did not adequately consider Plaintiff's need for a cane in arriving at her physical RFC assessment. The Seventh Circuit has made

7

clear that an ALJ must fully consider and address evidence indicating that a claimant needs a cane to ambulate. *Thomas v. Colvin*, 534 Fed. App'x 546, 550 (7th Cir. 2013) The ALJ did not do so here. The only notations of Plaintiff's cane usage in the ALJ's decision – other than those mentioned directly above – were her somewhat contradictory statements that Plaintiff's "use of a cane . . . was not prescribed by a doctor" but also that Plaintiff "did not use his cane as prescribed by his therapist." (R. 19, 21.)[3] As an initial matter, the ALJ did not conclude that Plaintiff's prescription for a cane, or lack of one, called into doubt Plaintiff's documented cane usage. And, in any event, the lack of a prescription for a cane does not establish that a claimant does not in fact need a cane to ambulate. *See Ronald B. v. Saul*, No. 18 C 5881, 2019 U.S. Dist. LEXIS 135375, at *23 (N.D. Ill. Aug. 12, 2019) ("But use of a cane does not require a prescription; thus, it was not suspicious for [the claimant] to use a cane without one.").

Ultimately, the ALJ did not build an accurate and logical bridge from the evidence to her conclusion that Plaintiff could, *inter alia*, walk and stand for 6 hours a day. *See Richard F. v. Berryhill*, No. 17 C 6552, 2019 U.S. Dist. LEXIS 65537, at *14 (N.D. Ill. Apr. 17, 2019) ("The ALJ never said why plaintiff did not need a cane or why he could stand or walk up to eight hours a day with periodic breaks. That is

---

[3] Though not tying the evidence to any analysis of Plaintiff's cane usage, the ALJ did note that Plaintiff was able to walk more than 50 feet unassisted. (R. 19.) However, even if she had provided analysis tying that evidence to Plaintiff's cane usage in particular, the Court finds that it would be an insufficient reason for discounting Plaintiff's need to use a cane. *See Thomas*, 534 Fed. App'x at 546 ("[W]alking for 50 feet without a cane – a 'brief excursion' – does not demonstrate an ability to stand for 6 hours.") (citation omitted).

not a logical bridge; it is a soaring inferential leap.") (citation and internal quotations omitted). The ALJ's failure in that respect is not harmless, as the VE testified that if a claimant needed a cane to ambulate, then he would be limited to sedentary work. (R. 64-65.). *See Thomas*, 534 Fed. App'x at 550 ("This evidence [of cane usage] was critical because [the claimant] should have been found disabled if she could not perform light work, and the VE testified (also overlooked in the ALJ's decision) that [the claimant] could not perform any light work jobs if she needed to use a cane."). Accordingly, the Court holds that the ALJ's decision must be remanded in order for "the ALJ to properly consider whether and to what extent [the claimant] relies on a cane." *Frazier v. Saul*, No. 19 C 5785, 2020 U.S. Dist. LEXIS 128909, at *15 (N.D. Ill. July 22, 2020); *see also Dean v. Berryhill*, No. 16 CV 9269, 2018 U.S. Dist. LEXIS 125574, at *15 (N.D. Ill. July 27, 2018) ("On remand, the ALJ is to consider Claimant's testimony and the other evidence in the record about her reliance on a cane.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's mental RFC and alleged limitations are properly evaluated.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 17] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**   **ENTERED:**

**DATE:** **October 5, 2021**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**

10